## Bob Womack v. The State.

### No. 2991.          Decided April 26, 1905.

**Theft of Hog—Felonious Intent Necessary.**

There must be a felonious intent in order to constitute theft. See opinion for facts which are insufficient to sustain a conviction for theft of a hog.

Appeal from the District Court of Freestone. Tried below before Hon. L. B. Cobb.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Davis & Williford,* for appellant.—The court erred in overruling defendant's motion for a new trial because every constituent element of the offense charged was not proven beyond a reasonable doubt, in this: 1. It was not proven that at the time defendant obtained possession of the pig in question, he did so with a present fraudulent intent to deprive the owner of the value thereof and to appropriate it to his own use and benefit; and, 2. It was not proven by any evidence in the record, that, having so obtained possession of said pig, he actually appropriated it to his own use and benefit. Berg v. State, 2 Texas Crim. App., 148; Walker v. State, 14 Texas Crim. App., 609; Jones v. State, 49 S. W. Rep., 387; Parks v. State, 16 S. W. Rep., 532; White v. State, 23 Texas Crim. App., 643.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of hog theft, and his punishment fixed at two years confinement in the penitentiary. In the view we take of this case, it is only necessary to consider one question to wit: The sufficiency of the evidence. Appellant took a pig of prosecutor Gibson at his special instance and request; and when the pig was seen in the pen of appellant he stated to prosecutor that he might have it, if he desired, and it was his pig. All the facts show there was no apparent intent to steal the pig. There must be a felonious intent in order to constitute theft. There is a total absence of such intent here. If the pig belonged to prosecutor, and this fact is seriously controverted by the evidence, then at most it would have only been embezzlement; but we do not think the evidence supports this. In any event, we hold that the evidence is not sufficient to support the verdict of the jury, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*